IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                                            PLAINTIFF

v.                                      Case No. 6:15-cr-60022

LYNN TERRANCE BRECKENRIDGE, II                                                      DEFENDANT

## ORDER

Before the Court is Defendant Lynn Terrance Breckenridge's Motion for Compassionate Release. ECF No. 74. The government has filed a response. ECF No. 76. The Court finds that the matter is ripe for consideration.

### I. BACKGROUND

On July 26, 2018, the Court sentenced Defendant to 405 months of imprisonment and five years of supervised release. On September 17, 2020, Defendant filed the instant *pro se* motion. Defendant asks the Court to explain to him the process for filing a compassionate release motion. ECF No. 74. The Court cannot give Defendant legal advice, so the Court can only construe the instant motion as requesting a "compassionate release" sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A).

### II. DISCUSSION

"A court's ability to modify a sentence after it has been imposed is extremely limited." United *States v. Schmitt*, No. CR12-4076-LTS, 2020 WL 96904, at *2 (N.D. Iowa Jan. 8, 2020). One way a court may modify a sentence is through "compassionate release," as outlined in 18 U.S.C. § 3582(c)(1)(A), which was recently modified by section 603 of the First Step Act of 2018 ("FSA"). Pub. L. No. 115-391, 132 Stat. 5194, at 5239.

Defendant bears the burden of showing that compassionate release is appropriate. *United*

*States v. Mitchell*, No. 5:10-cr-50067-001, 2020 WL 544703, at *1 (W.D. Ark. Feb. 3, 2020) (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016)). Relief is available under the FSA if the Court finds: (1) that the requested sentence reduction is warranted due to "extraordinary and compelling reasons;" (2) that the sentencing factors set forth in 18 U.S.C. § 3553(a) support a reduction "to the extent that they are applicable;" and (3) that a reduction would be consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. 3582(c)(1)(A)(i). The Court must first determine whether Defendant's motion is properly raised. If so, the Court will reach the above-listed issues.

As a threshold matter, Defendant must satisfy certain procedural requirements before filing a compassionate-release motion. "Before the enactment of the FSA, a motion for compassionate release had to be filed by the Director of the [BOP] and an inmate could not unilaterally file one with the court." *Mitchell*, 2020 WL 544703, at *1. However, the FSA now permits an inmate to seek a compassionate release directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A)(i). Defendant bears the burden of showing that he exhausted his administrative rights with the BOP before filing a compassionate-release motion. *United States v. Davis*, No. 2:15-CR-20067-SHM, 2019 WL 6898676, at *1 (W.D. Tenn. Dec. 18, 2019).

The BOP has outlined the administrative exhaustion process in its Program Statement No. 5050.50. In short, a request for compassionate release must first be submitted to the warden of the BOP facility the defendant is housed in. 28 C.F.R. § 571.61(a). If the warden approves the request, it is sent to the BOP's general counsel for approval. 28 C.F.R. § 571.62(A)(1). If the general

counsel approves the request, it is sent to the BOP's director for a final decision. 28 C.F.R. § 571.62(A)(2). If the director approves, he or she will ask the United States Attorney in the applicable judicial district to file a compassionate-release motion on BOP's behalf. 28 C.F.R. § 571.62(A)(3).

If the warden does not respond to the request, the defendant's administrative remedies are deemed exhausted after thirty days. 18 U.S.C. § 3582(c)(1)(A)(i). If the warden denies the compassionate-release request, the defendant must appeal the decision pursuant to the BOP's Administrative Remedy Program. 28 C.F.R. § 571.63(a). If the request is denied by the BOP's general counsel or director, that decision is considered a final administrative decision and the defendant's administrative remedies are exhausted at that time. 28 C.F.R. § 571.63(b-c).

Defendant does not state that he has exhausted the BOP's administrative process before filing the instant motion nor has he provided evidence to that effect. He simply states that he wrote to the "warden . . . and case manager . . requesting them to file or point [him] in the right direction to file." ECF No. 74. The government provided the Court with a document showing that the warden of Defendant's facility denied his request that the BOP file a sentence reduction motion on his behalf. ECF No. 76-1. However, there is no evidence in the record that Breckenridge has appealed the warden's decision.

The Court can only consider a motion for compassionate release "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 19 U.S.C. § 3582(c)(1)(A). Based on that language, Congress, in enacting the FSA, has statutorily imposed exhaustion requirements before a defendant can petition a court for compassionate release. *See United States*

3

*v. Gross*, No. 15-769, 2020 WL 1673244, at *2 (S.D.N.Y. Apr. 6, 2020) ("[T]he statute includes an exhaustion requirement in recognition of the fact that [the BOP] is frequently in the best position to assess, at least in the first instance, a defendant's conditions, the risk presented to the public by his release, and the adequacy of a release plan.").

The FSA's explicit statutory exhaustion requirement is not susceptible to judicially created exceptions. "No doubt, judge-made exhaustion doctrines . . . remain amenable to judge-made exceptions. . . . But a statutory exhaustion provision stands on a different footing. There, Congress sets the rules—and courts have a role in creating exceptions only if Congress wants them to." *Ross v. Blake*, ___ U.S. ___, 136 S. Ct. 1850, 1857 (2016). "For that reason, mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion." *Id.*; *see also Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) ("[W]e stress the point . . . that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise"). In other words, courts cannot excuse a failure to exhaust administrative remedies before filing a compassionate-release motion. Courts across the country have reached the same conclusion—even in the face of the COVID-19 pandemic. *See United States v. Raia*, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020) (concluding that failure to exhaust administrative remedies for request for compassionate release based on COVID-19 pandemic presented "a glaring roadblock foreclosing compassionate release at this point" and that "strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance"); *United States v. Epstein*, No. CR 14-287 (FLW), 2020 WL 1808616, at *4 (D.N.J. Apr. 9, 2020); (collecting cases and denying request for compassionate release after concluding that the court could not waive a failure to exhaust administrative remedies); *United States v. Albertson*, No. 1:16-cr-00250-TWPMJD, 2020 WL 1815853, at *2 (S.D. Ind. Apr. 8, 2020) (denying request for

compassionate release based on COVID-19 after concluding the movant failed to establish that the court could waive his failure to exhaust); *United States v. Holden*, No. 3:13-CR-00444-BR, 2020 WL 1673440, at *5-10 (D. Or. Apr. 6, 2020) (collecting cases and denying request for compassionate release after concluding that the court could not waive a failure to exhaust administrative remedies); *United States v. Johnson*, No. RDC-14-0441, 2020 WL 1663360, at *3-6 (D. Md. Apr. 3, 2020) (denying request for compassionate release based on COVID-19 pandemic; concluding that section 3582(c)(1)(A)'s exhaustion requirement is jurisdictional and, alternatively, there are no exceptions to the exhaustion requirement); *United States v. Zywotko*, No. 2:19-cr-113-FtM-60NPM, 2020 WL 1492900, at *1-2 (M.D. Fla. Mar. 27, 2020) (denying request for compassionate release based on COVID-19 pandemic because defendant failed to exhaust administrative remedies). *But see United States v. Zukerman*, No. 16 Cr. 194 (AT), 2020 WL 1659880, at *2-6 (S.D.N.Y. Apr. 3, 2020) (granting request for compassionate release based on COVID-19 pandemic and waiving exhaustion requirement based on Second Circuit precedent).[1]

Defendant has not established that the Court has the power to ignore the administrative exhaustion requirement. The Court acknowledges the danger posed by the COVID-19 pandemic, but the Court is nonetheless constrained by the existing statutory authority and cannot waive the

---

[1] The Court is aware of a handful of district courts in other jurisdictions that have, in light of COVID-19, waived the FSA's exhaustion requirement by relying on *Washington v. Barr*, 925 F.3d 109, 118 (2d Cir. 2019). The Court does not find those cases persuasive because *Washington* concerned a judge-made exhaustion requirement to the Controlled Substances Act, which, though not "expressly mandate[d]" by the statute's text, was created as a "prudential rule of judicial administration" that was "consistent with congressional intent." *Washington*, 925 F.3d at 115-16. In other words, *Washington* "speaks only to exhaustion requirements implied by a statute's structure and purpose, not to requirements that are expressly provided for in the statute itself." *United States v. Ogarro*, No. 18-CR-373-9 (RJS), 2020 WL 1876300, at *4 (S.D.N.Y. Apr. 14, 2020). As discussed above, the FSA contains an explicit and unambiguous statutory exhaustion requirement that is not subject to judicially created exceptions. The Court believes the decisions holding otherwise "are inconsistent with the text of § 3581(c)(1)(A) and the Supreme Court's *Ross* decision." *Epstein*, 2020 WL 1808616, at *4 n.4.

exhaustion requirement under the FSA. Based on the present record, the Court must find that Defendant has not exhausted his administrative remedies. Until Defendant does so, the Court does not have the authority to grant relief under the FSA. Accordingly, Defendant's motion for compassionate release is denied without prejudice to its refiling in the future, along with evidence that he has fully exhausted his administrative remedies within the BOP. *See United States v. Mendoza*, No. CR103131DWFFLN, 2019 WL 6324870, at *4 (D. Minn. Nov. 26, 2019).

### III. CONCLUSION

For the above-discussed reasons, the Court finds that Defendant's motion (ECF No. 74) should be and is hereby **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 13th day of October, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge